UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BARNETTE MASON,<br><br>Petitioner,<br><br>v.<br><br>V.M. ALMAGER, Warden,<br><br>Respondent. | NO. SACV 08-1101-JFW (AGR)<br><br><br>ORDER TO SHOW CAUSE |

On October 2, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court, therefore, orders Petitioner to show cause, on or before ***November 7, 2008***, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

## I.

## **PROCEDURAL BACKGROUND**

According to the Petition, Petitioner was convicted of second degree burglary and passing a fictitious check, and was found to have prior felony

convictions pursuant to Cal. Penal Code § 667(d), (e)(2), and Cal. Penal Code § 1170.12(b), (c)(2). (Petition at 2 & Exh. A.) Petitioner was sentenced to state prison for 25 years to life on October 9, 1998. (Petition at 2.) The California Court of Appeal affirmed the judgment on July 27, 2000. (*Id.* at 2-3.) The California Supreme Court denied review on October 3, 2000. (*Id.* at 3.)

Petitioner filed a state habeas petition in Orange County Superior Court on October 3, 2007, which was denied on October 25, 2007. (*Id.* at 4 & Exh. C.) He filed a state habeas petition in the California Court of Appeal on November 26, 2007, and an addendum on December 3, 2007, which was denied on January 31, 2008. (Petition at 4 & Exh. C.) He filed a state habeas petition in the California Supreme Court on February 13, 2008, which was denied on July 23, 2008. (Petition at 4-5 & Exh. C.)

On September 27, 2008, Petitioner signed and mailed the Petition filed in this Court. Petitioner raised three grounds: (1) Petitioner received an "upper term sentence" under the Three Strikes Law in violation of *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007); (2) the trial court's imposition of sentence breached Petitioner's 1986 plea agreement; and (3) trial court's imposition of sentence impaired Petitioner's 1986 plea agreement. (Petition at 5-6 & Exh. A.)

## II.

## **STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts

running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A. The Date on Which Conviction Became Final

On direct appeal, the California Supreme Court denied review on October 3, 2000. (Petition at 3.) Therefore, Petitioner's conviction became final 90 days later on January 2, 2001. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Absent tolling, the statute of limitations expired one year later on January 2, 2002, pursuant to 28 U.S.C. § 2244(d)(1)(A). Thus, the Petition is time-barred unless the statute of limitations was tolled.

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner does not provide the date on which he signed and mailed his first state habeas petition. However, Petitioner's first state habeas petition was not filed until October 3, 2007, over five years after the statute of limitations expired even taking into account an earlier mailing date. A state habeas petition filed after the limitations period has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004).

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida,* 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d. 924 (2007). Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). "Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control." *Harris*

*v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).  On the other hand, "[e]quitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament."  *Id.*

The Petition does not provide any basis for equitable tolling.

### B.     The *Cunningham* Decision

It appears that Petitioner will argue that Ground One is not barred by the statute of limitations because it is based on the Supreme Court's decision on January 22, 2007, in *Cunningham v. California*.  The statute of limitations may start running on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2244(d)(1)(C); *see Dodd v. United States*, 545 U.S. 353, 357, 359, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005).  In *Dodd*, the Supreme Court addressed a provision in 28 U.S.C. § 2255[1] that is materially identical to 28 U.S.C. § 2244(d)(1)(C):

> The limitation period shall run from the latest of -
>
> * * *
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The Court held that the statute starts running on the date the court recognizes the right, not on the date the court makes it retroactively applicable.  *Id.* at 358.[2]  However, a petitioner "may take advantage of the date in the first clause of ¶ 6(3)

---

[1] Under section 2255, a federal prisoner may challenge his or her sentence as unconstitutional.

[2] "*Dodd* is equally applicable to section 2244(d)(1)(C)."  *Johnson v. Robert*, 431 F.3d 992, 992-93 (7th Cir. 2005) (per curiam).

only if the conditions in the second clause are met." *Dodd*, 545 U.S. at 359.

Applying *Dodd* to the Petition, the Supreme Court decided *Cunningham* on January 22, 2007. For a petition based on *Cunningham* to be timely under 28 U.S.C. § 2244(d)(1)(C), (1) it would have to be filed no later than January 22, 2008; (2) the Supreme Court would have to recognize *Cunningham* as a new rule no later than January 22, 2008; and (3) the Supreme Court would have to declare *Cunningham* retroactive no later than January 22, 2008. *See Dodd*, 545 U.S. at 359 (applicant "will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year"); *Johnson*, 431 F.3d at 992 (statute runs from date that the right was initially recognized, "even if the Court does not declare that right to be retroactive until later").

The Supreme Court has not recognized *Cunningham* as a new rule. The Ninth Circuit recently held that *Cunningham* did not announce a new rule. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). The Court interpreted *Cunningham* as "simply appl[ying] the rule of *Blakely* to a distinct but closely analogous state sentencing scheme." *Id.* at 636. The Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), is not retroactive to Petitioner's case.[3] Neither Supreme Court decision provides an

---

[3] Neither *Blakely* nor *Cunningham* was decided before Petitioner's conviction became final on January 2, 2001. In *Blakely*, the Supreme Court held that the statutory maximum sentence means the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant. 542 U.S. at 303. *Blakely* does not apply retroactively to cases on collateral review. *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005). In *Schardt*, just as in this case, the petitioner's conviction became final after *Apprendi* was decided on June 26, 2000, but before *Blakely* was announced on June 24, 2004. *Id.* at 1034. The Ninth Circuit rejected the argument that *Blakely* simply applied *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Id.* at 1035. Instead, the Court held that the rule established in *Blakely* "was **not** clearly established by a Supreme Court decision at the time [petitioner's] case became final on direct appeal." *Id.* at 1036-37 (emphasis in original). The Ninth Circuit held that "the Supreme Court announced a new rule in *Blakely v. Washington* that does not apply retroactively to a conviction that was

alternative start date for the statute of limitations under 28 U.S.C. § 2244(d)(1)(C).

Therefore, the Petition is time-barred. *See Dodd*, 545 U.S. at 358 ("¶ 6(3)'s date – 'the date on which the right asserted was initially recognized by the Supreme Court' – does not apply at all if the conditions in the second clause – the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review' – have not been satisfied"); *see Johnson*, 431 F.3d at 992 (applying *Dodd* under § 2244(d)(1)(C)).

## C. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

Grounds Two and Three of the Petition allege that the trial court's imposition of sentence on October 9, 1998, breached or impaired Petitioner's 1986 plea agreement. (Petition at 5-6 & Exh. A.)

In the context of grounds involving the alleged breach or impairment of a plea agreement, the one-year period begins running on the date the inmate contends the State breached or impaired the plea agreement. *Murphy v. Espinoza*, 401 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005) (statute of limitations begins to run on date petitioner claimed State breached plea agreement); *Daniels v. Kane*, 2006 WL 1305209, *1 (N.D. Cal. 2006) (statute of limitations begins to run on "the date a petitioner knew or should have known that a breach occurred").

Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

Here, Petitioner knew or through diligence could discover the factual

---

final before that decision was announced." *Id.* at 1038. *Cunningham* has not been made retroactive to cases on collateral review before *Blakely* was decided.

predicate of his claims no later than October 9, 1998, when he contends he was sentenced in violation of his 1986 plea agreement. Thus, under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations would have expired no later than the date his conviction became final.

As discussed above, Petitioner is not entitled to statutory tolling because his first state habeas petition was signed in 2007, over five years after the limitations period expired. Petitioner has stated no basis for equitable tolling. The Petition is time-barred under 28 U.S.C. § 2244(d)(1)(D).

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **November 7, 2008**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations. Petitioner's response must explain why his petition is not barred by the statute of limitations.

***Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the District Court dismiss the petition, with prejudice, based on expiration of the one-year statute of limitations.***

DATED: October 6, 2008

ALICIA G. ROSENBERG
United States Magistrate Judge