FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC 2 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL BARNETTE MASON,<br><br>    Petitioner,<br><br>v.<br><br>V.M. ALMAGER,<br><br>    Respondent. | No. SACV 08-1101-JFW (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Petition, the Magistrate Judge's Report and Recommendation, the Objections to the Report and Recommendation, and all records in the file. Having made a de novo determination, the Court agrees with the recommendation of the Magistrate Judge.

    IT IS ORDERED that Judgment be entered denying the Petition and dismissed this action with prejudice.

DATED: 11/26/08

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BARNETTE MASON,<br>Petitioner,<br>v.<br>V.M. ALMAGER,<br>Respondent. | NO. SACV 08-1101-JFW (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Final Report and Recommendation to the Honorable John F. Walter, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that the Petition for Writ of Habeas Corpus be denied.

///
///
///
///
///
///

## I.

## **SUMMARY OF PROCEEDINGS**

According to the Petition, Petitioner was convicted of second degree burglary and passing a fictitious check, and was found to have prior felony convictions pursuant to Cal. Penal Code § 667(d), (e)(2), and Cal. Penal Code § 1170.12(b), (c)(2). (Petition at 2 & Exh. A.) Petitioner was sentenced to state prison for 25 years to life on October 9, 1998. (Petition at 2.) The California Court of Appeal affirmed the judgment on July 27, 2000. (*Id.* at 2-3.) The California Supreme Court denied review on October 3, 2000. (*Id.* at 3.)

Petitioner filed a state habeas petition in Orange County Superior Court on October 3, 2007, which was denied on October 25, 2007. (*Id.* at 4 & Exh. C.) He filed a state habeas petition in the California Court of Appeal on November 26, 2007, and an addendum on December 3, 2007, which was denied on January 31, 2008. (Petition at 4 & Exh. C.) He filed a state habeas petition in the California Supreme Court on February 13, 2008, which was denied on July 23, 2008. (Petition at 4-5 & Exh. C.)

On September 27, 2008, Petitioner signed and mailed the Petition filed in this Court. Petitioner raised three grounds: (1) Petitioner received an "upper term sentence" under the Three Strikes Law in violation of *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007); (2) the trial court's imposition of sentence breached Petitioner's 1986 plea agreement; and (3) trial court's imposition of sentence impaired Petitioner's 1986 plea agreement. (Petition at 5-6 & Exh. A.)

On October 6, 2008, this Court issued an Order to Show Cause why it should not recommend dismissal with prejudice based on expiration of the statute of limitations. (Dkt. No. 4.) On October 28, 2008, Petitioner filed a Reply to Order to Show Cause. (Dkt. No. 6.)

///

1 | This matter was taken under submission and is ready for decision.

II.

## STATUTE OF LIMITATIONS

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or a date set in § 2244(d)(1)(B)-(D).

### A. The Date on Which Conviction Became Final

On direct appeal, the California Supreme Court denied review on October 3, 2000. (Petition at 3.) Therefore, Petitioner's conviction became final 90 days later on January 2, 2001. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Absent tolling, the statute of limitations expired one year later on January 2, 2002, pursuant to 28 U.S.C. § 2244(d)(1)(A). Thus, the Petition is time-barred unless the statute of limitations was tolled.

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner does not provide the date on which he signed and mailed his first state habeas petition. However, Petitioner's first state habeas petition was not filed until October 3, 2007, over five years after the statute of limitations expired even taking into account an earlier mailing date. A state habeas petition filed after the limitations period has expired does not toll or revive the expired limitations period. *Welch v.*

///

*Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004).

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d. 924 (2007). Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). "Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008). On the other hand, "[e]quitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament." *Id*.

The Petition and the Reply to Order to Show Cause do not provide any basis for equitable tolling.

### B. The Date of the Cunningham Decision

The Supreme Court issued its decision in *Cunningham* on January 22, 2007. Petitioner appears to argue that the statute of limitations should start running on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C); *see Dodd v. United States*, 545 U.S. 353, 357, 359, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005). In *Dodd*, the Supreme Court addressed a provision in 28 U.S.C. § 2255[1] that is materially identical to 28 U.S.C. § 2244(d)(1)(C):

---

[1] Under Section 2255, a federal prisoner may challenge his or her sentence as unconstitutional.

4

> The limitation period shall run from the latest of-
>
> * * *
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The court held that the statute starts running on the date the court recognizes the right, not on the date the court makes it retroactively applicable. *Id.* at 358.[2] However, a petitioner "may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met." *Dodd*, 545 U.S. at 359.

Applying *Dodd* to the instant petition, the Supreme Court decided *Cunningham* on January 22, 2007. For a petition based on *Cunningham* to be timely under 28 U.S.C. § 2244(d)(1)(C), it would (1) have to be filed no later than January 22, 2008; (2) the Supreme Court would have to recognize *Cunningham* as a new rule no later than January 22, 2008; and (3) the Supreme Court would have to declare *Cunningham* retroactive no later than January 22, 2008. See *Dodd*, 545 U.S. at 359 (applicant "will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year"); *Johnson*, 431 F.3d at 992 (statute runs from date that the right was initially recognized, "even if the Court does not declare that right to be retroactive until later"). The Supreme Court has not recognized *Cunningham* as a new rule, nor has it declared *Cunningham* retroactive.[3]

---

[2] "*Dodd* is equally applicable to section 2244(d)(1)(C)." *Johnson v. Robert*, 431 F.3d 992, 992-93 (7th Cir. 2005) (per curiam).

[3] The Ninth Circuit recently held that *Cunningham* did not announce a new rule of constitutional law. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008), *petition for cert. filed*, October 16, 2008. Rather, *Cunningham* "applied the rule of *Blakely* to a distinct but closely analogous state sentencing scheme." *Id.* at 636; see *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403

1  Therefore, the petition is time-barred. See Dodd, 545 U.S. at 358 ("¶ 6(3)'s date
2  – 'the date on which the right asserted was initially recognized by the Supreme
3  Court' – does not apply at all if the conditions in the second clause – the right 'has
4  been newly recognized by the Supreme Court and made retroactively applicable
5  to cases on collateral review' – have not been satisfied"); see Johnson, 431 F.3d
6  at 992 (applying Dodd under § 2244(d)(1)(C)).

### C.  Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

Grounds Two and Three of the Petition allege that the trial court's imposition of sentence on October 9, 1998, breached or impaired Petitioner's 1986 plea agreement. (Petition at 5-6 & Exh. A.)

In the context of grounds involving the alleged breach or impairment of a plea agreement, the one-year period begins running on the date the inmate contends the State breached or impaired the plea agreement. Murphy v. Espinoza, 401 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005) (statute of limitations begins to run on date petitioner claimed State breached plea agreement); Daniels v. Kane, 2006 WL 1305209, *1 (N.D. Cal. 2006) (statute of limitations begins to run on "the date a petitioner knew or should have known that a breach occurred").

Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Here, Petitioner knew or through diligence could discover the factual predicate of his claims no later than October 9, 1998, when he contends he was sentenced in violation of his 1986 plea agreement. Thus, under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations would have expired no later than the date his conviction became final.

---

(2004).  The Blakely decision was issued on June 24, 2004, **after** Petitioner's conviction became final on January 2, 2001, and does not apply retroactively to cases on collateral review.  Schardt v. Payne, 414 F.3d 1025, 1034-37 (9th Cir. 2005).

6

Petitioner argues that the date he discovered the factual predicate of his claim should not control. The Ninth Circuit has rejected his argument. "'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Moreover, federal habeas relief is available "only on the ground that he [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The question is whether Petitioner is in custody in violation of federal law, not California law. As discussed above, under certain circumstances the statute of limitations may start running on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). The Supreme Court has recognized that a criminal defendant has a due process right to enforce the terms of his plea agreement since at least 1971.[4] *Santobello v. New York*, 404 U.S. 257, 261-62, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971).

As discussed above, Petitioner is not entitled to statutory tolling because his first state habeas petition was signed in 2007, over five years after the limitations period expired. Petitioner has stated no basis for equitable tolling. The Petition is time-barred under 28 U.S.C. § 2244(d)(1)(D).

---

[4] The Court notes that Petitioner's grounds for relief do not present new legal theories. The Ninth Circuit has applied *Santobello* where a petitioner argued that the state "expressly agreed" in a plea agreement to treat two or more convictions as a single "prior" for later sentencing under "whatever law might then be in effect." *Davis v. Woodford*, 446 F.3d 957, 960-63 (9th Cir. 2006); *Buckley v. Terhune*, 441 F.3d 688, 694-99 (9th Cir. 2006) (applying *Santobello* to claim for breach of plea agreement), *cert. denied*, 127 S. Ct. 2094 (2007); *Brown v. Poole*, 337 F.3d 1155, 1159-61 (9th Cir. 2003) (applying *Santobello* to claim that certain terms were part of the plea agreement); *Gunn v. Ignacio*, 263 F.3d 965, 969-71 (9th Cir. 2001) (applying *Santobello* to claim of breach of plea agreement).

7

## III.

## **RECOMMENDATION**

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation, (2) granting Respondent's motion to dismiss, and (3) directing that judgment be entered denying the petition and dismissing this action with prejudice.

DATED: October 31, 2008

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge

1 | ## NOTICE
---|---

2  Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.